Battle J.
 

 The only question presented by the bill of exceptions is, whether the confession of the prisoner was admissible.
 

 The principle upon which the competency of the confessions of a prisoner depends was well stated by Judge Henderson, in the case of the
 
 State
 
 v.
 
 Roberts,
 
 1 Dev., 261. He said, “confessions are either voluntary or involuntary. They are called voluntary when made neither under the influence of hope or fear, but are attributable to that love of truth which predominates in the breast of every man not operated upon by other motives more powerful with
 
 him,
 
 and which, it is said, in the perfectly good man cannot be countervailed. These confessions are the highest evidences of truth, even in cases affecting life. But it is said, and said with truth, that confessions induced by hope or extorted by fear are, of all kinds of evidence, the least to be relied on, and are therefore entirely to be rejected.” , This principle thus clearly enunciated by a very able judge, will be found to havé pervaded every case upon the subject which has
 
 *449
 
 been decided by this court. See Battle’s Digest, Title Evidence, sec. xxvi, p. 505.
 

 The confession proposed to be proved in the present case must be regarded as coming under the head of voluntary confessions. The prisoner himself commenced the conversation which led to his confession. When the prisoner said to the witness, “I want to know what to do,” he must have been aware that the witness could not tell him without knowing the circumstances of his case. When the latter told him so, therefore, he only told him that which he already knew; and what he, thereupon went on to state to the witness was not induced by any hope of advantage held out to him by the witness, but by the suggestion of his own mind to get the witness’ advice as to the course he ought to pursue. So far from being under any influence to make a false statement, he had the strongest motive to tell the truth, so that the advice of his acquaintance might be of service to him. In this view of the question, the mistake of the witness as to the law about one prisoner testifying against another, cannot make any difference. The prisoner could not thereby have, been in the least induced to make a false statement of the facts and circumstances of his case. All that can be said is, that he found himself placed in a difficult and dangerous position, and wanted the advice of a friend as to the best course to be pursued for his relief. To obtain that advice he voluntarily unbosomed himself to a person who he thought might be trusted, but who afterwards proved treacherous and disclosed his secret. We do not know of any such ground for excluding confessions, and think the Judge was right in admitting them.
 

 It must be certified that we find no error in the record.
 

 Per Curiam. No error.